### BURDICK *against* GLASKO.

In an action founded on a tort, if the plaintiff fails to prove an injury as great as he has stated, he may, nevertheless, recover to the extent proved.

*A* and *B* being owners of lands and mills on opposite sides of a river, which mills were operated by the waters of such river, raised by a dam across it, *A* brought an action on the case against *B*, for unlawfully raising the dam on his side of the river, in such a manner as to inundate *A's* wheel and mill. In his declaration, *A* alleged, that he was entitled to the free course of the waters of such river, and to the use of them for his mill, by means of the dam, free and undisturbed. In support of this allegation, *A* gave in evidence an indenture, executed in 1750, from which both parties derived their titles, providing, that when there should be water enough in the pond, all the mills might be improved, without let or hindrance; but when there should be want of water, the party under whom *B* claimed, should have the sole power of drawing the water out of the pond, for his mills, three whole days in four, and the party under whom *A* claimed, should have the like power, one day in four. Held, that there was no variance sufficient to defeat a recovery by *A ;* for the indenture proved the right alleged, either for the whole time, or for one day in four; and in either case, *A* was entitled to recover to the extent of the injury proved.

THIS was an action on the case, the declaration containing three counts. In the second count, the plaintiff alleged, that for more than ten years previous, he had been, and then was, possessed of a certain tract of land, lying in the town of *Griswold*, on the *Westerly* side of the *Pachaug* river, containing about two acres, with a certain water-mill, with the appurtenances, thereon standing ; the same being operated by the waters of said river, by means of a dam across the same ; being divided by an island in the river, so that the dam consisted of two parts. The plaintiff then averred, " that during all the

time aforesaid, he had the right to the free course of the wa- *New-London,* July, 1847.
ters of said river, and the use of the same, for his said mill, by
means of said dam, free and undisturbed, whereof the defend- Burdick *v.* Glasko.
ant was well-knowing ;" yet the defendant, on or about the
1st day of *September*, 1842, without law or right, and against
the will of the plaintiff, raised that portion of the dam which
was situated *Easterly* of the island, to the height of four feet
and more above its lawful and proper height, so as to obstruct
the running of the stream of water in its natural course, and
cause it to flow back and round on the *Westerly* side of the
island, and thereby, especially in times of high water, the wa-
ter-wheel and mill of the plaintiff were inundated with water,
and the movements and working of the mill wholly prevent-
ed, for divers days and times, *viz.* four months between said
1st day of *September*, 1842, and the commencement of the
suit ; during which time, the plaintiff, by means of the wrong
doings of the defendant, was deprived of the use and profit of
his mill.

The cause was tried, on the general issue, at *Norwich*,
*March* term, 1847, before *Waite*, J.

On the trial, it was proved and admitted, that the plaintiff
was the owner of a fulling-mill, situated on one side of the
*Pachaug* river, and the defendant was the owner of other
mills, on the other side of that river; all of which were ope-
rated by the waters of the river, raised by means of a dam
across it. The plaintiff read in evidence an indenture of
agreement, made in 1750, between *Samuel Coit* and *Moses
Tyler*, on the one part, and *John Cook*, on the other part ; and
it was admitted, that the parties in the present suit derived
their titles, respectively, from the parties to that agreement.
That agreement stated, that whereas said *Coit* and *Tyler*
were jointly seised in fee of a certain piece of land, lying by
*Pachaug* river, with iron works and the *Southerly* end of a
dam and pond upon the same, and said *Cook* was seised in fee
of a certain piece of land near said river, with a fulling-mill
and the *Northerly* end of said dam and pondage upon the
same ; therefore, that said dam might be kept well repaired,
and the water drawn out of the pond, to the best advantage
for the improvement of said works and mills, it was mutually
covenanted and agreed, by the parties, for themselves, their
heirs and assigns, that when there should be water enough in

the pond, the iron-works, fulling-mill and other trade might be improved, without let or hindrance, or any other mills in their room, not drawing more water than was necessary for their works and mill; and that when there should be want of water for the end aforesaid, the iron-works should have three-fourth parts of the time, and the fulling-mill one-fourth part; that is to say, said *Coit* and *Tyler*, and their heirs, should have the sole power of drawing the water out of the pond, three whole days in four, and said *Cook* and his heirs should have the like power, one day in four; and also, that the dam should be kept and maintained in good repair, for the aforesaid ends; three-fourths of the cost of which should be borne by said *Coit* and *Tyler*, and their heirs, and the remaining fourth part, by said *Cook*, and his heirs; and whenever either of the parties should cease improving the water in the pond, the other party should have the sole right to repair the dam, and draw out the whole water, for his own advantage.*

This agreement was executed by the parties, under their hands and seals, was witnessed by two witnesses, and recorded; but there was no acknowledgment, by either of the parties, before any magistrate.

The defendant's counsel, in the argument, prayed the court to instruct the jury, that the rights of the parties to the use of the waters of said river being as stated in said agreement, the plaintiff could not recover under the second count of his declaration; for that there was a variance between the allegations in that count and the proof of the plaintiff's title. But such instruction was not given.

The jury having found a verdict, upon all the counts, in favour of the plaintiff, the defendant moved for a new trial.

*Strong*, in support of the motion, contended, 1. That there was a palpable variance between the plaintiff's right, as set out in the second count of the declaration, and the right proved, by the agreement. The right alleged is a right to the free course of the waters of the river, and to the use thereof, for the plaintiff's mill, free and undisturbed, during all the time aforesaid, *i. e.* while he had owned the property. This is an unqualified right, existing unceasingly, without variation in degree or extent. The right shown by the agreement, is a

qualified one, depending upon a supply or scarcity of water, at one time full and perfect, at another, greatly restricted.

2. That in this case, a statement of the plaintiff's title according to the truth, is indispensable, as the judgment will be evidence of the relative rights of the parties, in a future action.

*Backus* and *Foster,* contra, contended, 1. That there was no material, substantial variance between the second count and the indenture. In the first place, the terms of the indenture correspond with the allegations in that count as to the title to the property, which is a right to the free course of the water, and the use of it, free from disturbance or interruption. Secondly, a qualified right to the use of the water, such as the indenture shows, is perfectly consistent with the allegations in the second count. Thirdly, the indenture imposes no restriction as to the use of the water, except when there was a scarcity; and there was no proof that there ever was any such scarcity. Fourthly, there was no proof of any *usage* under the indenture. For aught that appears, the restriction was never regarded, and the plaintiff had used the water for his mill, when he pleased, and as he pleased, thus acquiring a perfect right, though the original owner through whom he claimed, had a qualified right. Fifthly, great strictness is not required in the proof of allegations of this description, in actions for torts, which do not constitute the gist of the action, but are in the nature of inducement. *Ferrer* v. *Johnson, Cro. Eliz.* 336. 1 *Chitt. Plead.* 373, 4. 1 *Greenl. Ev. s.* 72. *Ricketts* v. *Salwey,* 2 *B. & Ald.* 360. Sixthly, this record cannot be used to the injury of the defendant, either as an estoppel, as a bar, or as evidence. 1 *Stark. Ev.* 199. *Standish* v. *Parker,* 2 *Pick.* 20. 22. *Arnold* v. *Arnold,* 17 *Pick.* 4. *Smith* v. *Sherwood,* 4 *Conn. R.* 282. Here the only point in issue is, whether the defendant has illegally inundated the plaintiff's land.

2. That if the variance between the second count and the indenture were ever so palpable, the defendant was not entitled to the instruction asked for. In the first place, where a document does not tend to prove the allegations in the pleadings, it will, if objected to, be excluded. But if not objected to, and it is read in evidence, it does not prevent the party from obtaining a verdict, if he have other sufficient evidence

on which the verdict may be founded.    Secondly, there was sufficient evidence, in this case, aside from the indenture. The motion states, that it was proved and admitted, that the plaintiff owned the mill, and that it was operated by the waters of the river.    Rejecting the indenture, then, there was sufficient evidence to sustain the verdict.

3. That this instrument did not create any incumbrance on the land, not having been so executed as to convey an interest in real estate.

WAITE, J.    It is admitted by the parties, that they are respectively owners of lands and mills situated upon the opposite sides of the *Pachaug* river, and that these mills are operated by the waters of that river, raised by a dam across the same.

The plaintiff has alleged, that he is entitled to the free course of those waters, and the use of them for his mill, by means of the dam, free and undisturbed.    The defendant says, that there is a variance between the allegations and the proof of title, as shown by the agreement, because whenever there is a scarcity of water in the river, the plaintiff is entitled to the use of it, only one-fourth part of the time.

Is this variance fatal, and such as precludes a recovery upon the second count in the declaration ?    What is the grievance for which the plaintiff sues ?    He complains of no want of water, nor of any act by which he has been deprived of the use of it.    But he says, the defendant has unlawfully raised the dam, on his side of the river, four feet and more, and thereby, especially in times of high water, has inundated his wheel and mill with water.    This is the injury of which he complains.

Now, the rights of the parties as to the use of the waters of the river, are not varied or affected, by that agreement, except when the waters are insufficient for the use of all the mills.    At all other times, their rights remain the same as they would be, had the agreement never been made.    Indeed, the great object of that agreement seems to be, to prescribe the manner in which the dam should be repaired, and the waters used, when they were insufficient for the use of all their works.

But there is nothing in the case, showing that during the

whole period, in which the plaintiff complains of having been injured, there was not an adequate supply of water for the use of all parties. Indeed, the very complaint of the plaintiff, would seem to imply, that there was no want of water.

If so, then the allegations of the plaintiff that he was, during that period, entitled to the free course of the waters of the stream, and the use of them, undisturbed by the defendant, are strictly and literally true ; and there is no variance.

But further, admitting there were days, during that period, when the plaintiff, by virtue of that agreement, had no right to use the waters of the stream, it does not follow, that he would not be entitled to recover for injuries received at those times when he had a right to use them.

This is an action founded on tort, and if the plaintiff fails to prove an injury as great as he has stated, he may, nevertheless, recover to the extent proved. The rule upon this subject is very well illustrated, in the case of *Ricketts* v. *Salwey*, 2 *B. & Ald*. 360. That was an action for the disturbance of the plaintiff's right of common. The declaration stated, that he was possessed of a messuage and one hundred and fifty acres of land, by reason whereof he ought to have common of pasture, &c. The evidence was, that he was entitled to the land only, and to the right of common in respect to that. *Abbott*, C. J. "The general rule in cases of tort, is, that it is sufficient, if part only of the allegation stated in the declaration be proved, provided, that what is proved affords a ground for maintaining the action, supposing it to have been correctly stated as proved. There is one exception, however, to this rule, which is, where the allegation contains matter of description. There, if the proof given be different from the statement, the variance will be fatal." And *Holroyd*, J. said, " It is quite enough in cases of tort, if you prove the same ground of action laid in the declaration, though not to the extent there stated. And in such cases, the court will give judgment as if the declaration had been originally confined to the ground of action proved."

So in the present case, although the plaintiff may have failed to prove an injury, by the defendant, or the existence of his right, during every day of the period mentioned ; yet if he prove that right for a part of the time, and an injury to that right, in the manner alleged, he may nevertheless recover to

*New-London,*
July, 1847.

Burdick
*v.*
Glasko.

the extent of the injury proved. The ground of action is not changed, and there is no variance in any matter of description. All that can be said is, that the right of the plaintiff proved was not as extensive as the one stated. The variance may affect the damages, but not the plaintiff's right to recover.

With these views we deem it unnecessary to consider the other matters, urged by the plaintiff's counsel in their arguments.

The instruction asked for was properly refused; and no new trial should be granted.

In this opinion the other Judges concurred.

New trial not to be granted.